October 24, 2022 10:35 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: eod /        SCANNED BY:

**UNITED STATES DISTRICT COURT**
**WESTRTN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

**RAMON CALDWELL JR. #406128**

          Petitioner,

vs.

**BRYAN MORRISON, Warden**

          Respondent,

_____/

Case No. 1:22-cv-700

Mag: Phillip J. Green

## MOTION TO AMEND HABEAS CORPUS PETITION

Petitioner, Ramon Caldwell jr., *In Forma Pauperis* and acting as his own attorney, *In Pro-Se,* respectfully states:

1. Petitioner has filed a petition within the one-year deadline on August 3, 2022, and now wishes to present new claims in this Amended Petition after the deadline has passed. Pursuant to *Federal Rule of Civil Procedure, Rule 15(a)(2)(3), and 15(c)(1)(B).*

2. Petitioner has proclaimed his innocence from the moment of his arrest and has exhausted his state appeals and remedies on the four (4) issues raised in his petition.

3. Petitioner will raise the following three new (3) additional issue claiming the state violated his Federal Constitutional protections:

**I.)    Was it a Jurisdictional Defect of the proceedings, by not allowing the jury to find Petitioner guilty, with proof beyond a reasonable doubt, of a sentence enhancement increasing his punishment? Violating Petitioner's Sixth, and Fourteenth Amendment Rights of U.S. Constitution?** *Apprendi v. New Jersey, 530 U.S. 466, 490, (2000),* see also, *Alleyne v. United States*, *570 U.S. 99 (2013).*

**II.)   Was Petitioner denied his Sixth, and Fourteenth Amendment Rights to the United States Constitution and Due Process, because the jury verdict form did not include the sentence enhancement? Furthermore, are prior convictions/recidivism considered 'elements' that must be submitted to a jury, proven beyond a reasonable doubt?** *Apprendi v. New Jersey, 530 U.S. 466, 490, (2000), Commonwealth v. Pagan, 445 Mass. 161 (2005).*

ii

**III.)    Is MCL 769.12; 769.13; and MSA 28.1085, as amended by 1994 P.A. 110, unconstitutional, and fraudulent, because it denies several constitutional guaranties? Including the right to a trial by jury, and the right to be proven beyond a reasonable doubt, of every element of the crime charged, including Judge found facts. Thus Violating Petitioner's Sixth, and Fourteenth Amendment Rights of the United States Constitution?**

4. Pursuant to *Federal Rule Civil Procedure 15(a)(2)(3), and 15(c)(1)(B),* Petitioner can show that the new claims share a "common core of operative facts" with the original Petition, by referring this court to **ISSUE-I,** raised in the original Habeas Petition. Where the trial court entered **404(b)** evidence into the trial to show **"plot, plan, scheme, intent, motive,"** using Petitioner's prior convictions, without them being proven by the jury beyond a reasonable doubt.

5. Petitioner received an Order to File Answer or Other Pleading, for Respondent on September 20, 2022, to file no later than 180 days. There is ample time to file this Amendment that won't prejudice thee other party.

6. **Petitioner objected to the increased punishment of the Fourth Habitual Sentence Enhancement at the sentencing hearing**, as **well as to the admission of 404(b) evidence.**

7. **Article III,** of The United States Constitution has vested the Judicial Power of the United States in one Supreme Court. In all cases, and those in which a "State shall be a party, the Supreme court shall have original Jurisdiction." This U.S. Court has jurisdiction over Petitioner.

8. For these reasons, Petitioner asks that this Court grant his Motion to Amend Habeas Corpus Petition, allowing for review of the three new claims above by this Court. **Brief in Support of Motion to Amend Habeas Corpus, is Attached.**

DATED: 10/18/2022

Respectfully submitted,

Ramon Caldwell jr. #406128
Lakeland Correctional Facility
141 First Street
Coldwater, Michigan 49036

iii

# Argument-I

**The trial court erred, causing a Jurisdictional Defect of the proceedings, by not allowing the jury to find Petitioner guilty, with proof beyond a reasonable doubt, of a sentence enhancement increasing his punishment? Violating Petitioner's Sixth, and Fourteenth Amendment Rights of U.S. Constitution?**

**Standard of Review/Issue Preservation:** Petitioner objected to the Fourth Habitual Sentence Enhancement during the Sentencing Hearing, on 8/5/16.

"Any fact that increased the penalty for a state crime beyond prescribed statutory maximum-(including prior convictions), must to be submitted to jury and proven beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, (2000), see also, *Alleyne v. United States*, 570 U.S. 99 (2013).

**Discussion:**

After a trial by jury where Petitioner was convicted as charged. The trial court held a hearing to determine any sentencing issues that would be objected to. Petitioner objected to the Fourth Habitual Sentence Enhancement, informing the trial court he was not a fourth enhancement. Petitioner now brings this issue before this court in his Habeas Corpus, because by failing to submit to the jury those facts to be proven beyond a reasonable doubt in regards to his prior convictions, or the enhancement violated Due Process. The trial court lacked jurisdiction to do so, by applying their biased opinion, in asserting that petitioner was the Defendant of the prior convictions, and choosing on their own volition, when assessing the highest enhancement to sentence petitioner under. This incorrect process violated Petitioner's constitutional rights, that are set out in *Apprendi v. New Jersey, supra, and Alleyne v. United States, supra.*

Petitioner was deprived of his Sixth and Fourteenth Amendment Rights to the Constitution which states;

1

**VI.** "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence."

**XIV.** "'Nor shall any state deprive any person of Life, Liberty, or Property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

*Apprendi v. New Jersey,* states that; "any fact that increased penalty for state crime beyond prescribed statutory maximum— (including a fact of a prior conviction) —had to be submitted to jury and proven beyond a reasonable doubt."

The Supreme Court Justices go even further in explaining why our courts cannot impose a greater punishment outside the scope of our Constitution even based solely on prior convictions, as that too, is also unconstitutional. Taking a more in depth look at some of the Justices Concurring Opinions, we refer to **JUSTICE THOMAS,** with whom **JUSTICE SCALIA** concurred in *Apprendi* when opining about recidivism, used to increase punishment for a crime.

Evidence of the rule, that a crime includes every fact that is by law a basis for imposing or increasing punishment comes from numerous early cases addressing recidivism statutes. "There was a tradition of treating recidivism as an element." The two leading case according to the Justices are, *Plumbly v. Commonwealth,* 43 Mass. 413 (1841), and *Tuttle v. Commonwealth,* 68 Mass. 505 (1854), both precedent still today as to stare decisis. Along with numerous other cases.

"When the statute imposes a higher penalty upon a second and third conviction, respectively, it makes the prior conviction of a similar offence a part of the description and character of the offence intended to be punished; and therefore the fact of such prior conviction must be charged, as well as proved. It is essential to an indictment, that the facts constituting the offence intended to be punished should be averred." *68 Mass. At 506.*

The court explained that a prior conviction was an "element," together with the facts constituting the core crime of which the defendant was charged of a new, aggravated crime. When

2

a statute increases punishment for some core crime based on the fact of a prior conviction, the core crime and the fact of the prior conviction together create a new, aggravated crime." *Kilbourn v. State, 9 Conn. 560, 563 (1883).* ("No person ought to be, or can be, subjected to a cumulative penalty, without being charged with a cumulative offence."). *Plumbly, supra at 414,* goes on to state, (conviction under recidivism statute is "one conviction, upon one aggregate offence").

### *Fed. Rule Civil Proc. 15(c)(1)(B):*

Petitioner can show that the new claims share a "common core of operative facts".

The trial court permitted the prosecution to admit *404(b) evidence* of prior convictions for the purpose of proving, "plot, plan, scheme, intent of motive," ***See (Issue-I, Original Habeas Petition filed on, 8/3/22).*** Petitioner objected at trial to the improper admission of 404(b) evidence. ***See (T.T. Tue. June 14, 2016, pgs. 241-246).***

Where during direct appeal, the prosecution conceded to errors being committed in admitting the evidence, as well as late notices before trial. Since the prosecution used this evidence to show petitioner had a pattern in committing similar crimes, this touches at the heart of the argument, that **"every fact that was by law a basis for imposing or increasing punishment (including the fact of a prior conviction) was an element. Each such fact had to be included in the accusation of the crime and proved to the jury."**

The jury did not render a verdict of guilty on any prior convictions, but the evidence was prejudicial in convincing jurors that Petitioner was a career criminal. The prosecution placed a witness on the stand about the prior incident, whom did not identify petitioner as the person whom assaulted her. However, the witness pointed to petitioner in front of jurors as someone who "looked similar" to the person whom she was assaulted by, without being 100% certain it was petitioner. The witness testified, "there was never a trial and she didn't' testify at one, but that she believed she did give a deposition, and she never identified petitioner in court." So for the trial court to place itself as the trier finder of facts by a preponderance of the evidence, was biased and

unconstitutional. The jury never delivered a verdict of guilty of prior convictions for enhancing Petitioner's punishment, in violation of *Apprendi v. New Jersey, and Alleyne v. United States, supra.* "When a statute increases punishment for some core crime based on the fact of a prior conviction, the core crime and the fact of the prior conviction together create a new, aggravated crime. *Kilbourn v. State,* 9 Conn. 560, 563 (1883).

This information was not averred on the indictment presented to the jury. If the trial court permitted the prosecution to make a showing of prior convictions, then jurors as the trier of fact finder, should have had the opportunity to render a verdict on those same prior convictions. The trial court decided at the sentencing hearing that the prosecution proved beyond a reasonable doubt that the Petitioner was the defendant alleged to jurors, in regards to the prior convictions, without jurors rendering a guilty verdict on prior convictions.

With respect to criminal prosecutions and sentencing, our courts have opined respectively, "that a state statutory scheme cannot stand under the due process clause of the Federal Constitution's Fourteenth Amendment, as (1) the state scheme (a) allows a jury to convict a defendant of a second-degree offense on the basis of the jury's finding beyond a reasonable doubt, and (b) after a subsequent and separate proceeding, then allows the judge, under state "enhancement statute", to impose punishment identical to that which the state provides for crimes of greater degrees, through the judge's finding, by a preponderance of the evidence."' *Apprendi, supra.*

Petitioner's highest maximum sentence under the statute of *MCL 750.110a,* Home Invasion 1st degree, was 20-years. The sentence enhancement increased the penalty for which the petitioner would face, up to LIFE in prison. While also increasing the guidelines to allow for a much larger sentence advisory discretion by the judge, than allowed without the enhancement. Petitioner was sentenced to 18 to 30 years' incarceration for a statute where the maximum was only 20-years. The constitutional question is whether the 18 to 30 years sentence that was imposed on the accused

4

in the case at hand is permissible, given that the maximum was ten years above the 20-year statutory maximum for the Homie Invasion 1st degree charge. When the Petitioner's PSIR recommended a sentence of 10-years in the Department of Corrections.

Petitioner's expected punishment has increased as a result of the narrowed range and now the prosecution is empowered, by invoking the mandatory minimum, to require the judge to impose a higher punishment then he might wish. This "entitles the government", to more than it would otherwise be entitled. quoting *Woodruff, 68 F. at 538*. Even in Michigan where the guidelines are advisory, most judges refer to them when sentencing Defendant's, and it is likely that the change in the range available to the judge affects his choice of sentence.

**PREJUDICE:**

The prejudicial effect on the petitioner is grand, as the judge now has a larger degree of room to enhance a sentence up to LIFE, as opposed to only the 20-years statutory maximum for the charge the jury rendered a guilty verdict on. Not to mention, having to argue or disputes facts found by the judge, as well as argue against a biased prosecutor, after the jury had already rendered a verdict of guilty solely on the charges listed in the indictment, and verdict form.

"To guard against a spirit of oppression and tyranny on the part of rulers," and "as the great bulwark of [our] civil and political liberties" *2 J. Story, Commentaries on the Constitution of the United States 540-541 (4th ed. 1873),* trial by jury has been understood to require that "the truth of every accusation, whether preferred in the shape of indictment, information, or appeal, should afterwards be confirmed by the unanimous suffrage of twelve (12) of [defendant's] equals and neighbors...." *4. Blackstone, Commentaries on the Laws of England 343 (1769) (hereinafter Blackstone). See also Duncan v. Louisiana, 391 U.S. 145, S. Ct. 1444 (1968).*

Also, the adequacy of the state's procedure, not the substantive basis for the state's enhancement, is at issue, where the constitutionality of an enhanced sentence as higher punishment must be submitted and proven by a jury beyond a reasonable doubt.

5

The trial court, by a preponderance of evidence, which is much less of a threshold, than proof beyond a reasonable doubt, found petitioner guilty of being the defendant convicted of prior convictions alleged at trial. Thereby, removing from the jury the determination of a fact that exposed the petitioner to a penalty exceeding the maximum, which the petitioner would receive if punished according to the facts reflected in the jury verdict alone.

"When a judge's finding based on a mere preponderance of the evidence authorizes an increase in the maximum punishment, it is appropriately characterized as "a tail which wags the dog of substantive offense." *McMillan v. Pennsylvania,* *477 U.S. at 88 (1986).* "Where a maximum sentence is at issue, Apprendi means that a judge who wishes to impose a higher sentence cannot do so unless a jury finds the requisite statutory factual predicate."

In *State v. Pennye, 102 Ariz. 207 (1967);* the court outlined the steps a court must prove in regards to prior convictions. "When a prior conviction is alleged in an information it is incumbent upon the state to prove: 1.) that the defendant in the present case and the one convicted in the prior case are the same individual, and 2.) that there was in fact a prior conviction." The jury in Petitioner's case didn't find him guilty of the prior convictions, nor sentence enhancement. Therefore, it was not proven with proof beyond a reasonable doubt.

## Jurisdictional Defect:

The trial court bypassed important constitutional guarantees, of the Sixth and Fourteenth Amendments of Procedural Due Process, stating that;

**"states shall not deprive any person of life, liberty, or property, without the due process of law; nor deny to any person within its jurisdiction the equal protection of the laws,"**

When not allowing the trier of fact finder to determine the question of identity/guilt in regards to prior convictions in order to enhancement sentence for punishment, caused a procedural error of Due Process, "the loss of Life, Liberty, or Property." Thus, the Fourth Habitual Sentence Enhancement is unconstitutional according to *Apprendi, and Alleyne, supra.*

6

Jurisdiction defines the powers of courts to inquire into facts, apply the law, make decisions, and declare judgment. *Police Com'r of Boston v. Municipal court of Dorchester Dist*. *374 Mass, 640, 374, N.E. 2d 285*. The legal right by which judges exercise their authority. It exists when courts have cognizance of class of cases involved, proper parties are present, and point to be decided is within powers of court.

Jurisdictional Defect must be received as a **'Structural Error'** as set forth in *Vasquez v. Hillary, 479 U.S. 2547 (1986); Rose v. Clark, 478 U.S. 570 (1986)*. Structural Error is a defect in a trial mechanism or framework that, by deprivation of basic constitutional protections, taints the trial process, making it unreliable and rendering any punishment unreliable, and rendering any punishment fundamentally unfair. **This error is per se prejudicial, and requires automatic reversal.** 572 F.3d 252.

Without belaboring the point any further, the trial court violated Petitioner's Sixth and Fourteenth Amendment Rights to the United States Constitution of Procedural Due Process, with a Jurisdictional Error. Requiring reversal of convictions and sentences. A new trial is entitled.

## Argument-II

**Petitioner was denied his Sixth, and Fourteenth Amendment Rights to the United States Constitution and Due Process. Because the jury verdict form did not include the sentence enhancement. Furthermore, because prior convictions/recidivism are considered 'elements' that must be submitted to a jury, proven beyond a reasonable doubt?**

**Standard or Review:**

The Sixth Amendment right to trial "by an impartial jury," in conjunction with the Due Process Clause, requires that each element of a crime be proven to the jury beyond a reasonable doubt. *Alleyne v. United States, 570 U.S. 99 (2013),* quoting; *Apprendi v. New Jersey, supra,* and "should be included in the indictment to the jury." *Commonwealth v. Pagan, 445 Mass. 161 (2005).*

**Discussion:**

The jury verdict form presented to the jury, did not have the sentence enhancement listed on there as part of the crime charged, or a listed offence, or anywhere for that matter. The trial court did not prove Petitioner was guilty of the prior convictions, or prove his identity as the person the prosecution spoke of, beyond a reasonable doubt by the twelve jury members. Evidence was entered to try and prove those elements with the admission of 404(b) evidence over Petitioner's objection. However, the trial court did not include any sections in regards to prior convictions on the verdict form. Without listing the MCL's, or prior convictions, or explaining what the exact charges were, the trial court still could have placed within the verdict form, a finding of guilt or innocence of the sentence enhancement, based on prior convictions.

In *Alleyne v. United States, supra.,* the court in its opinion conclude in agreement with *Apprendi supra,* and the original meaning of the Sixth Amendment, **"any fact that, by law, increased the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt.** Overruling previous decision *Harris v. United States, 536 U.S. 545, (2002).* The jury found petitioner guilty on all counts, with Home Invasion 1st degree

8

carrying the highest penalty of up to 20-years in prison. The jury verdict form did not indicate petitioner was guilty of a Fourth Habitual Sentence Enhancement based on prior convictions, exposing him to a greater punishment than prescribed by statute. The PSIR (presentence investigation report) recommended a sentence of only 10-years minimum. The trial court used the enhancement, increasing his maximum penalty up to LIFE, sentencing petitioner to 18-years minimum. Almost doubling the time recommended in the PSIR.

**ELEMENTS:**

The court in *Apprendi v. New Jersey, supra,* conclude that, "facts that increase the prescribed range of penalties to which a criminal defendant is exposed' "are elements of the crime, id, at *490, 120 S. Ct. 2348, 147 L. Ed. 2d 435,* and thus the Sixth Amendment provides defendants with the right to have a jury find those facts beyond a reasonable doubt." The legally prescribed ranges for penalties are affixed to each crime, so it follows then that any fact increasing either end of the range produces a new penalty and constitutes an ingredient of the offense.   The sentence enhancement aggravates the legally prescribed range of allowable sentences, it falls within this meaning of "element" of a separate, aggravated offense that must be found by the jury, regardless of what sentence the defendant might have been given had a different range been applicable. This court has made a distinction between 'elements of a crime (facts constituting the crime, typically for the jury to determine) and sentencing facts (facts affecting the sentence, often concerning, e.g., the manner in which the offender committed the crime, and typically for the judge to determine.) Petitioner's Enhancement went towards punishment as a repeat offender. A matter for jurors to decide.

The touchstone our courts have consistently used for determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact itself constitutes an "element" of the charged offence. *United States v. O'Brien, 560 U.S. 218, 224, 130 S. Ct. 2169, 176 L. Ed. 2d 979.* The Apprendi definition necessarily includes not only facts that increase the ceiling, but also

9

those that increase the floor. At common law, the relationship between crime and punishment was clear. A sentence was prescribed for each offense, leaving judges with little sentencing discretion. If a fact was by law essential to the penalty, it was an "element" of the offense. There was a well-established practice of including in the indictment, and submitting to the jury, every fact that was a basis for imposing or increasing punishment. And this understanding was reflected in contemporaneous court decisions and treatises.

In quoting, *Alleyne v. United States, supra.,* "at common law, the relationship between crime and punishment was clear. [T]he substantive criminal law tended to be sanction-specific," meaning "it prescribed a particular sentence for each offense." *Langbein, The English Criminal Trial Jury on the Eve of the French Revolution, in the Trial Jury in England, France, Germany* 1700-1900, *p. 36 (A. Schioppa [\*\*\*\*17] ed. 1987) (quoted Apprendi supra, at 479, 120 S. Ct. 2348, 147, L. Ed. 2d. 435).* The system left judges with little sentencing discretion: Once the facts of the offense were determined by the jury, the "judge was meant simply to impose the [prescribed] sentence." *Langbein, supra, at 36-37; see also 3 W. Blackstone, Commentaries on the laws of England* 396 *(1768)* (The judgment, though pronounced or awarded by the judges, is not their determination or sentence, but the determination and sentence of the law."

If a judge were to find a fact that increased the statutory maximum sentence, (as did here in Petitioner's case with the Fourth Habitual Sentence Enhancement, after the jury's verdict) such a finding would violate the Sixth Amendment. Even if defendant ultimately received a sentence falling within the original sentencing range, i.e., the range applicable without the aggravating fact. *Hobbs v. State, 44 Tex. 353 (1875).* The essential 'element' is the aggravating fact produced a higher range, which in turn, conclusively indicates that the fact is an "element" of a distinct and aggravated crime. It must, therefore, be submitted to the jury and found beyond a reasonable doubt." Since the prosecution used **404(b)** evidence arguing to the jury of **plot, plan, scheme, intent, or motive,** which any one of those elements can be used to prove a defendant committed

10

prior acts. Then is should go without saying, that those have become elements within the trial, and therefore, must be proven by a jury beyond a reasonable doubt.  As prosecutors are perfectly able to "charge facts upon which a mandatory sentence is based in the indictment and prove them to a jury, as some prosecutors already sometimes charge such facts and seek to prove them to a jury.

   *Commonwealth v. Pagan,* 445 Mass. 161 (2005), The Supreme Judicial Court explained that, **1.)** "requires explicit indictment of (or complaint) against a defendant as a repeat offender, and that a defendant be convicted as such." **2.)** "the prior conviction is a fact to be determined by a jury beyond a reasonable doubt."  (Quoted for persuasive purposes.)

   Even in Michigan, the Appellate Courts recognize that "a criminal defendant is deprived of his constitutional right to a jury trial, when the jury is not given the opportunity to return a general verdict of not guilty." *People v. White,* 81 Mich. App. 335, 339 n 1; 265 NW2d 139 (1978).

   Petitioner was charged in a 'Notice Complaint Felony' with a Fourth Habitual Enhancement, but the jury was not given an opportunity to render a verdict on such enhancement.  Petitioner is entitled to a new trial, vacating of convictions and sentences because the jury verdict form did not find Petitioner guilty of the Fourth Habitual Sentence Enhancement.

## Argument-III

**MCL 769.12; 769.13; and MSA 28.1085, as amended by 1994 P.A. 110, is unconstitutional, and fraudulent, because it denies several constitutional guaranties. Including the right to a trial by jury, and the right to be proven beyond a reasonable doubt of every element of the crime charged, including Judge found facts. Thus violating Petitioner's Sixth, and Fourteenth Amendment Rights of the United States Constitution?**

**Standard of Review:**

"Under the due process clause of the **Federal Constitution's Fourteenth Amendment** and under the **Constitution's Sixth Amendment** guarantee of a right to a jury trial—a criminal defendant is entitled to a jury determination that the defendant is guilty beyond a reasonable doubt of every element of the crime with which the defendant is charged."

"Any fact that increased the penalty for a state crime beyond prescribed statutory maximum- (including prior convictions), must to be submitted to jury and proven beyond a reasonable doubt." *Apprendi v. New Jersey, 530 U.S. 466, 490, (2000),* see also, *Alleyne v. United States, 570 U.S. 99 (2013).*

**Discussion:**

Petitioner was Noticed with Habitual Offender Enhancement Fourth, prior to trial. Defendant was found guilty by jury trial of only the charges listed on the jury verdict form. The jury verdict form omitted the consideration on Habitual Enhancement Sentencing. The highest prescribed maximum penalty Petitioner was facing was 20years for Home Invasion 1st degree. After the jury rendered a verdict, during the sentencing hearing held on 8/5/2016 Petitioner objected to the Fourth Habitual Sentence Enhancement, arguing that he was not a subject to the Enhancement. The trial court found by a preponderance of evidence that Petitioner was in fact the person in regards to prior convictions and sentenced him as such to a term of 18-30 years.

The trial courts use of **MCL 769.12, 769.13; and MSA 28.1085** as amended by the **1994 Public Act, 110** is unconstitutional as it violates the Sixth and Fourteenth Amendments of Due Process.

12

**MCL 769.13** is a, "Notice of intent to seek enhanced sentence; filing by prosecuting attorney; challenge to accuracy or constitutional validity; evidence of existence of prior convictions; determination by court; burden of proof."

Before its Amendment in 1994, *MCL 769.13; MSA 28.1085,* the Michigan courts provided a statutory right to a jury trial for those charged with being a habitual offender;

**"if after conviction and either before or after sentence if appears that a person convicted of a felony has previously been convicted of a crime set forth in [MCL 769.10; 769.11; or 769.13; MSA 28.1082; 28.1083; or 28.1085] the prosecuting attorney of the county in which the conviction was held may file a separate or supplemental information in the courts accusing the person of the previous convictions."**

**"The court in which the conviction was had shall cause the person to be brought before it and shall inform him of the allegations contained in the information, and of his right to be tried on the allegations, and require the offender to say whether he is the same person as charged in the information or not. If the offender says he is not the same person, or remains silent, the courts shall enter a plea of not guilty, and a jury of 12 jurors shall be impaneled from the petit jurors serving at the then or a following term of court to determine the issues raised by the information and plea."**

Effective May 1, 1994 this procedure for enhancing a habitual offenders sentence, was dramatically changed. **See Exhibit –A (MCL 769.13).**

A defendant is no longer entitled to a jury trial. Courts in Michigan prior to 1994 did not violate a defendant's constitutional rights. It was not until after the 1994 Public Act Amendment have Michigan Courts continuously violated defendant's constitutional rights with an enhanced sentence, proven by a 'preponderance' of evidence. *Apprendi v. New Jersey,* supra, states "any fact that increased the punishment for a crime, is an 'element' and must be submitted to a jury to be proven beyond a reasonable doubt."

The Michigan Courts claim "that it has long been held that Michigan's habitual offender statutes are merely 'sentencing enhancement mechanisms' rather than substantive crimes." *People v. Anderson,* 210 Mich. App. 295; 532 N.W. 2d 918 (1995). This ruling in incorrect and in direct violation of Petitioner's Due Process Right to have a jury decide "any facts that increase his punishment," as did the sentence enhancement here.

13

In *Alleyne v. United States,* 570 U.S. 99, (2013). **JUSTICES SOTOMAYOR,** and **BREYER** concurred, opining that; "stare decisis does not compel adherence to a decision whose 'underpinnings' have been 'eroded' by subsequent developments of constitutional law." That distinction was undermined by Apprendi, where Justices' held that a legislature may not "remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." *530 U.S., at 490, 120 S. Ct 2348, 147 L. Ed 2d 435.* The mere fact that a state legislature has placed a criminal component "within the sentencing provisions" of the criminal code "does not mean that the finding of a sentence enhancement is not an essential element of the offense." As the courts had already entered into evidence 404(b), plot, plan, scheme, intent of motive.

**MCL 769.12;** was still applied incorrectly to Petitioner, even if the court where to base it off prior convictions, stating;

**"Punishment for subsequent Felony following conviction of 3 or more felonies; sentence for term of years considered indeterminate sentence; use of conviction to enhance sentence prohibited, eligibility for parole; provisions not in derogation of consecutive sentence; definitions."**
**(1) (a) "Not more than 1 conviction arising out of the same transaction shall be considered a prior felony conviction for the purpose of this subsection only."**

**See Exhibit -B (MCL 769.12).**

Petitioner was convicted of two charges arising out of the same transaction on October 7, 2005. **MCL 750.110A2** -Home Invasion 1st degree, and **MCL 750.520G1** Assault w/Intent. According to **MCL 769.12**; those two felonies arose from the same transaction, and are considered one felony. Along with the assault in Shelby County Tennessee, together equals a total of two (2) prior felony convictions. **See; Exhibit-C (Complaint Felony).**

The trial court and the prosecution abused their discretion in sentencing Petitioner under the wrong sentencing enhancement, not to mention violating his constitutional rights of the Sixth and Fourteenth Amendments. When a judge's finding based on a mere preponderance of the evidence

14

authorizes an increase in the maximum punishment, it is appropriately characterized as "a tail which wags the dog of the substantive offense." *McMillan, 477 U.S. at 88, supra.,*

## Judge Found Facts:

Petitioner was facing a maximum prescribed by statute for Home Invasion 1st degree of 20-years. His punishment increased with the Habitual Enhancement to LIFE in prison, which as discussed above violated our Supreme Court's ruling in *Apprendi v. New Jersey, supra.* Furthermore, in addition to the enhancement increasing Petitioner's maximum, the maximum was still increased even if the enhancement was not used based on Judge found facts that were not included in the jury's verdict.

In scoring the petitioner's OV's, (offense variable) we examine each one separately. Petitioner was scored 10pts for **OV-9,** "2 to 9 victims were placed in danger of physical injury or death." The jury's verdict did not convict petitioner of placing two or more individuals in danger, when one victim was alleged, nor was this an element of Home Invasion 1st degree. Petitioner was scored at 10pts for **OV-4** "Degree of Psychological Injury to Victim". The jury's verdict did not convict petitioner of harming victim psychologically, nor was this an element of Home Invasion 1st degree. Lastly, Petitioner was scored 5pts for **OV-10** "Exploitation of a Victim's Vulnerability." Petitioner was not convicted of Exploiting a victim, nor was this an element of Home Invasion 1st degree. The trial judge relied on his own biased found facts to increase the penalty Petitioner was subject to outside the jury's verdict.

**MCL 750.110a** Home Invasion 1st degree reads;

**"A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exist;"**

15

**(a) The person is armed with a dangerous weapon.**

**(b) Another person is lawfully present in the dwelling.**

**Home Invasion 1ˢᵗ degree is a felony punishable by imprisonment for not more than
20years or a fine of not more than $5,000.00, or both.**

The judge found facts increased the maximum punishment the Petitioner was facing. The
enhancement increased petitioner's guideline range to 7yrs-to-23yrs,4-months minimum, to the
maximum punishment of LIFE in prison. Without the sentence enhancement, and without adding
in points from the judge found facts after the jury's verdict, would not have increased the maximum
punishment Petitioner was facing.

Petitioner's originals sentencing guidelines range without any scoring of OV's, was 6yrs-
to-10yrs on the minimum, to 20-years prescribed statutory maximum. However, points added
based on judge found facts, increased it to 280-months on minimum, which is three years over
prescribed statutory maximum. None of the judge found facts were present on jury verdict form.
Petitioner was scored 20pts for PRV-7 "2 or more subsequent or concurrent felony convictions."
Yet, Petitioner was given a Fourth Habitual Sentence Enhancement for "3 or more previous
felonies." The court contradicted itself with these disparities violating petitioner's constitutional
rights because **MCL 769.12;** is "punishment for subsequent felony following conviction of 3 or
more felonies." PRV-7 explains petitioner of only have 2 felonies.

The trial court and the State of Michigan used its own interpretation of the habitual offender
statute counting all felonies, instead of what its meaning defines by its unambiguous interpretation.
**MCL 769.12 (1) (a) "Not more than 1 conviction arising out of the same transaction shall be
considered a prior felony conviction for the purpose of this subsection only."**

The judge found facts should have been presented to the jury for proof beyond a reasonable
doubt, as they increased the punishment Petitioner was facing. This violated his Sixth and
Fourteenth Amendment Rights of Due Process, and the Supreme Court of the United States ruling

set out in *Apprendi v. New Jersey*, *530 U.S. 466, (2000)*; *Alleyne v. United States*, *570 U.S. 99 (2013)*.

**PREJUDICE:**

The prejudicial effect to the Petitioner on behalf of the court is clear and obvious. Petitioner objected on both grounds of the improper admission of 404(b) evidence, and during sentencing to the Fourth Habitual Enhancement. Petitioner has been sentenced to an increased punishment on the minimum and maximum ends of the sentencing range. The constitutional violation of increasing Petitioner's punishment outside the scope of the jury verdict was outcome determinative, in that there was a substantial increase in the amount of prison time one faces with the enhancement, that is not the same without the enhancement. This factor almost-definitely, influenced the sentence the judge handed down, as a wider discretion was allowable.

Petitioner is not arguing guidelines as the State may address in its rebuttal, as Michigan guidelines are advisory. But petitioner is arguing the constitutional violations of his Sixth, and Fourteenth Amendments Rights to an "impartial trial by a jury, and to have every element, including increased punishment, proven beyond a reasonable doubt by the jury."

.

## GRANT OF WRIT

Petitioner, Ramon Caldwell Jr., ask this Honorable Court to grant the proper relief of Remanding this case back to the trial court, granting Petitioner a new trial and vacating his convictions and sentences, or any other remedies this court deems necessary. This error is per se prejudicial, and requires automatic reversal. 572 F.3d 252.

Date: /0/18/    ,2022                                    x _____

Petitioner, In Pro-Se

## VERIFICATION OF FACTS

I, Ramon Caldwell Jr., Petitioner in the above entitled case, do hereby swear to the matters asserted under penalty of perjury. To the best of my knowledge, belief, and understanding. If called to testify in a hearing on the matters, I can, and will do so truthfully. **Pursuant to 28 U.S.C § 1746**

Date: /9/18/    ,2022                                    x _____

Petitioner, In Pro-Se

18

US POSTAGE ™PITNEY BOWES

ZIP 49036    $ 002.40⁰
02 4W
0000385938 OCT 21 2022

f the Court

trict Court

al Building

Allegan St.

ng, MI 48933

Ramon Caldwell, Jr.[22] #406128
LakeLand Correctional Facility
141 First Street
Coldwater, MI 49036

Clerk
U.S. D
113 Fe
315 Wes
Lam