UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RAMON CALDWELL, JR.,

        Petitioner,

        Case No. 1:22-cv-700

v.

        Hon. Hala Y. Jarbou

BRYAN MORRISON,

        Respondent.
_____/

## ORDER

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner initially consented to a United States magistrate judge conducting all proceedings in this case, including entry of a final judgment and all post-judgment matters. (ECF No. 7.) Pursuant to that consent, Magistrate Judge Phillip J. Green conducted a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. Magistrate Judge Green directed service of the petition on Respondent. (ECF No. 10.) Thereafter, Petitioner moved to amend his petition. (ECF No. 11.) On the strength of Petitioner's initial consent to magistrate judge jurisdiction, Magistrate Judge Green entered an order denying Petitioner leave to amend because the proposed amendment would be futile. (ECF No. 13.)

Petitioner has filed an "objection" to the order denying leave to amend. (ECF No. 14.) The Court construes Petitioner's objection as a motion for reconsideration under Federal Rule of Civil Procedure 54(b). Under Rule 54(b), a non-final order is subject to reconsideration at any time

before entry of a final judgment. Fed. R. Civ. P. 54(b); *see also ACLU v. McCreary Cty.*, 607 F.3d 439, 450 (6th Cir. 2010).

Service of the petition on Respondent required that Respondent also consent to Magistrate Judge Green's dispositive jurisdiction. Before the Court sent out a new notice of consent, Petitioner indicated that he would like this matter assigned to an Article III judge. The Court has, accordingly, reassigned this matter. Because the order denying leave to amend was entered after service of the petition but prior to consent by Respondent, the Court will also vacate the order denying leave to amend (ECF No. 13). The Court will reconsider Petitioner's motion for leave to amend his petition *de novo*.

Petitioner has submitted the habeas grounds he proposes to add by way of his amendment; but he has not provided all of the information required by the Court's approved form for habeas petitions, such as information regarding exhaustion of available state remedies and timeliness. To grant leave to amend without reviewing the proposed amendment would be inappropriate. *See, e.g.*, *Wolgin v. Simon*, 722 F.2d 389, 394–395 (8th Cir. 1983); *Greening v. United States*, No. 94-36196, 1996 WL 241534, at *3 (9th Cir. May 9, 1996); *Nation v. United States Government*, 512 F. Supp. 121, 124–25 (S.D. Ohio 1981).

The Court will hold Petitioner's motion for leave to amend his complaint in abeyance pending his submission of a proposed first-amended petition on the court-approved form. Petitioner is reminded that an amended pleading supersedes the original, which becomes a nullity. *See Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) (citing 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)); *Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008). Petitioner is cautioned that he must include any

habeas grounds he wishes to bring before this Court—the habeas grounds from the original petition and his proposed new habeas grounds—in his proposed amended pleading.

Accordingly,

**IT IS ORDERED** that the order denying Petitioner's motion for leave to amend his petition (ECF No. 13) is **VACATED**.

**IT IS FURTHER ORDERED** that Petitioner shall, within 28 days, file a proposed amended habeas petition on the court-approved form that includes all of the habeas grounds he wishes to bring before the Court. The Clerk is directed to send Petitioner a copy of the court-approved habeas corpus petition form. Petitioner's failure to timely file a proposed amended petition within the time allowed may result in denial of his motion for leave to amend.

Dated: December 15, 2022                  /s/ Hala Y. Jarbou
                                          HALA Y. JARBOU
                                          CHIEF UNITED STATES DISTRICT JUDGE